No. 22-2110

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

COURTHOUSE NEWS SERVICE,

*Plaintiff-Appellant*,

v.

JACQUELINE C. SMITH, in her official capacity as the Clerk of the Circuit Court for Prince William County, Virgina, *and* THE COMMONWEALTH OF VIRGINIA

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of Virginia

JOINT PARTIAL OPPOSITION TO APPELLANT COURTHOUSE NEWS SERVICE'S REQUEST FOR JUDICIAL NOTICE

Appellant Courthouse News Service (CNS) has asked this Court to take judicial notice of three "facts and documents pursuant to Federal Rule of Evidence 201." ECF No. 24 at 1. Appellees the Commonwealth of Virginia and Jacqueline C. Smith take no position on CNS's request that this Court take judicial notice of either the number of active Virginia lawyers as listed on the Virginia State Bar website (Request No. 1) or the

driving distance between Norfolk, Virginia and Roanoke, Virginia (Request No. 2).

The Appellees object to CNS's request that this Court take judicial notice of the contents of a report, which CNS asserts that it prepared and published on its website. ECF No. 24 at 2 (Request No. 3). A court "may judicially notice a fact that is not subject to reasonable dispute" which is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Per the Rules of Evidence, "[o]nly indisputable facts are susceptible to judicial notice." *Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 (4th Cir. 2004). In general, "[t]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process" because "the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Thus, "the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what

2

are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Ibid.*

With respect to reports and similar documents, courts can take notice that such reports exist, but the information within those reports is not appropriate for judicial notice. See *Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009) (declining to take "notice of [a party's] own interpretation of the contents of . . . documents" rather than merely "the existence of the documents"); *Nolte*, 390 F.3d at 317 ("Although the filing of an SEC complaint against Willey is indisputable, the facts alleged therein are not."); *Rogers v. Deane*, 594 F. Appx. 768, 770–71 (4th Cir. 2014) ("Although the filing . . . of an order reprimanding Deane is indisputable, the factual findings contained therein are not.").

CNS describes this report as a "news report." ECF No. 24 at 2. News reports, like other reports, "[g]enerally . . . cannot be judicially noticed for the truth of what is reported, but can be judicially noticed for facts such that a fact was printed." *Bradacs v. Haley*, 58 F. Supp. 3d 499, 511 (D.S.C. 2014) (citing *Shahar*, 120 F.3d at 214 n.5).

Further, information hosted on a party's own website, such as the CNS report, presents "several concerns," including a lack of proper authentication and the fact that "a company's website is a marketing tool," typically "full of imprecise puffery that no one should take at face value." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007); see *ibid.* ("[C]ourts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' that our judicial notice rule contemplates.") (quoting Fed. R. Evid. 201(f)) (citation omitted); see also *MusclePharm Corp. v. Liberty Ins. Underwriters, Inc.*, 712 F. Appx. 745, 758 (10th Cir. 2017) (policy on private website "did not satisfy the basic requirements for judicial notice"); see also Courthouse News Service, https://www.courthousenews.com/ (last visited Feb. 14, 2023) (describing itself as "[p]robably the best news site in the world").

A report that CNS published on its own website is not appropriate for judicial notice. Accordingly, this Court should deny in part CNS's request for judicial notice.

Respectfully submitted,

THE COMMONWEALTH OF VIRGINIA
JACQUELINE C. SMITH

By Counsel

| | |
|---|---|
| /s/ Graham K. Bryant<br>Graham K. Bryant<br>  *Deputy Solicitor General*<br><br>Andrew N. Ferguson<br>  *Solicitor General*<br><br>Erika L. Maley<br>  *Principal Deputy*<br>  *Solicitor General*<br><br>M. Jordan Minot<br>  *Assistant Solicitor General*<br><br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>(804) 786-2071 – Telephone<br>(804) 786-1991 – Facsimile<br>SolicitorGeneral@oag.state.va.us<br><br>*Counsel for Appellee the*<br>*Commonwealth of Virginia* | /s/ John C. Altmiller, Jr.<br>John C. Altmiller, Jr.<br><br>Heather R. Steele<br>Pesner Altmiller Melnick,<br>DeMers & Steele PLC<br>8000 Westpark Drive, Suite 600<br>Tysons, Virginia 22102<br>(703) 506-9440 – Telephone<br>(703) 506-0929 – Facsimile<br>jaltmiller@pesner.com<br>hsteele@pesner.com<br><br>*Counsel for Appellee Jacqueline*<br>*C. Smith* |

5

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 669 words. This response complies with the typeface and the type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century typeface.

*/s/ Graham K. Bryant*
Graham K. Bryant
Deputy Solicitor General

## CERTIFICATE OF SERVICE

I certify that on February 14, 2023, I electronically filed the foregoing brief with the Clerk of this Court by using the appellate CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*/s/ Graham K. Bryant*
Graham K. Bryant
Deputy Solicitor General