No. 22-2110
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

COURTHOUSE NEWS SERVICE,

*Plaintiff – Appellant,*

v.

JACQUELINE C. SMITH, *et al.*,

*Defendants – Appellees.*

_____

On Appeal from the United States District Court for
the Eastern District of Virginia, Richmond Division,
Case No. 3:21-cv-460-HEH
_____

**APPELLANT COURTHOUSE NEWS SERVICE'S REPLY
IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**
_____

**BRYAN CAVE
LEIGHTON PAISNER LLP**
Roger Myers
Rachel Matteo-Boehm
3 Embarcadero Center, 7th Floor
San Francisco, California 94111
Tel: (415) 675-3400
rachel.matteo-boehm@bclplaw.com
roger.myers@bclplaw.com

Jonathan E. Ginsberg
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
jon.ginsberg@bclplaw.com

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**
Dabney J. Carr IV
P.O. Box 1122
Richmond Virginia 23218
Tel: (804) 697-1238
dabney.carr@troutman.com

*Counsel for Appellant
Courthouse News Service*

Plaintiff-Appellant Courthouse News Service ("CNS") submits the following reply in support of its Request for Judicial Notice (Docs. 24-1 through 24-4) ("RJN").

In their Joint Partial Opposition to the RJN, Doc. 31 ("Opp."), Defendants-Appellees Jacqueline Smith, in her official capacity as clerk of the Circuit Court for Prince William County, Virginia, and Intervenor the Commonwealth of Virginia (collectively, "Appellees"), take no position on CNS' request that the Court take judicial notice of (1) the number of active Virginia lawyers as listed on the Virginia State Bar website (Request No. 1); or (2) the approximate round trip driving distance and drive time between Norfolk and Roanoke, Virginia, according to two online mapping resources (google.com and mapquest.com) (Request No. 2).

However, Appellees object to CNS' Request No. 3, specifically, its request that this Court take judicial notice of a news report published on CNS' web site, www.courthousenews.com, on October 12, 2022, entitled *Report: Access to public records in Virginia courts*. The report chronicled, in travel diary style, "what it would take to cover the public record of the Virginia Courts by visiting each courthouse in person" when reporters started each day "when one clerk's office opened" and ended "as the last clerk's office closed." RJN, Req. No. 3 & Exh. C. As noted in CNS' RJN, the report states that it took five days to visit 25 of the 105

1

Virginia circuit courts that utilize Virginia's Officer of the Court Remote Access ("OCRA") system, which required travel of more than 1,000 miles.

In their Opposition, Appellees recognize that "matters of geography" are appropriate for judicial notice. Opp. at 2. They also acknowledge that "[w]ith respect to reports and similar documents, courts can take notice that such reports exist." Opp. at 3. Appellees thus apparently do not dispute that this Court may take judicial notice of the fact that the report that is the subject of CNS' Request No. 3, and is attached as Exhibit C to CNS' RJN, was published on the CNS web site. *See* RJN at 3; *accord*, *e.g.*, *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 162 n.5 (3d Cir. 2004) (court may take judicial notice of the existence of a newspaper article); *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (same).

As for the content of the report – specifically, the report's assertion that it took five days to visit 25 of the 105 Virginia circuit courts that offer online access to court records to Virginia-barred attorneys and government employees but not the press and public, which required travel of more than 1,000 miles – CNS respectfully submits that this Court may take judicial notice of it for its truth for at least three reasons specific to this case:

*First*, the distance and drive time along the route of the 25 courthouses noted in the report, starting in the northern part of the Commonwealth at the Frederick County Circuit Court, traveling southwest in the order noted in the report, and ending

2

with the Floyd County Circuit Court, *see* RJN, Exh. C, is "generally known." Fed. R. Evid. 201(b)(1). *See, e.g., United States v. Johnson*, 726 F.2d 1018, 1021 (4th Cir. 1984) ("magistrate judge sitting in Baltimore, familiar with these distances, could properly take cognizance of them"); *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995) (court may take judicial notice of "[f]acts that are 'generally known within the territorial jurisdiction of the trial court," such as "the impossibility of driving from one place to another in a specified period of time").

*Second*, the distance and drive time for this route can also be "accurately and readily" confirmed by "sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2) – namely, the same online mapping resources that served as the basis for CNS' Request No. 2, which Appellees do not oppose. That drive time, together with time for a visit to each of the 25 of the 105 OCRA courts, along with lunch and rest breaks (each of which are described in the report itself), confirms the basic truth of the assertion that it took 5 days and more than 1,000 miles to view court records to which Virginia lawyers and government employees have instant, online access through OCRA, but to which the press and public are denied access. *See, e.g.*, RJN at 2-3; *United States v. Perez*, 776 F.2d 797, 801-02 (9th Cir. 1985) (taking judicial notice of minimum distance, 31 nautical miles, between islands of Rota and Guam, a "fact subject to accurate determination from a map prepared by the Defense Mapping Agency"), *overruled on other grounds,* 332 F.3d 622 (9th Cir.

3

2003); *Church of Scientology Int'l v. Elmira Mission of the Church of Scientology*, 614 F. Supp. 500, 504 & n.4 (W.D.N.Y. 1985) (court could take judicial notice of distances separating three cities in New York according to data released by Auto Club), *rev'd on other grounds,* 794 F.2d 38 (2d Cir. 1986).[1]

*Third*, at the very least, the rough substance or gist of the report – i.e., the extent of travel time and distance that is necessary just to access the same civil court records that lawyers and government employees can access over the Internet via OCRA – cannot reasonably be disputed, given that Appellees readily acknowledged, in the district court, the "'time and expense'" required of the press and public "to review 'documents in person'" JA99; *see also* JA311.  As the Commonwealth put it, it can take "***days*** traveling from jurisdiction to jurisdiction … to get hard copies of these filings … [t]ime spent traveling to and from courthouses." JA113 (emphasis added).  Beyond Appellees' acknowledgements on this topic, the record demonstrates that it cannot reasonably be questioned that travel time between multiple OCRA courthouses is something to be measured in days, if not weeks. *See, e.g.,* JA142-143 ¶ 6; JA149-151 ¶¶ 29, 32.

---

[1] Indeed, the report describes not only the particular roads and routes taken, but also such details as where the journalists had breakfast and lunch, and where they spent each night during their five day journey, a level of detail that only further enables confirmation of this fact for judicial notice purposes.

4

The cases cited on pages 3-4 of Appellees' opposition are not to the contrary. None involved news reports, and none concerned geographical information generally known or that could be accurately and readily determined by sources whose accuracy could not be reasonably questioned. CNS is not asking this Court to take "notice of [a party's] own interpretation of the contents of … documents." Opp. at 3 (quoting *Ohio Valley Evn't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 216 (4th Cir. 2009)).[2] Nor is CNS asking the court to take judicial notice of any marketing or other corporate material on its web site, as Appellees incorrectly imply, Opp. at 4, and as was true for two of the cases on which they rely. *Id.* (citing *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) and *MusclePharm Corp v. Liberty Ins. Underwriters, Inc.*, 712 F. App'x 745, 758 (10th Cir. 2017)). Rather, the fact CNS asks this Court to judicially notice illustrates that it would take a reporter more than a week to obtain complaints and other civil records from even a fraction of the Virginia courthouses that Virginia attorneys and government employees can access instantly and remotely from their homes, offices, or anywhere in the world.

---

[2] In *Ohio Valley*, the court declined to take judicial notice of "the meaning to be ascribed to" environmental permit decision documents. 556 F.3d at 216.

5

## CONCLUSION

For the foregoing reasons, CNS respectfully requests that the Court grant its request for judicial notice in its entirety.

Dated: February 17, 2023

| | |
|---|---|
| **BRYAN CAVE**<br>**LEIGHTON PAISNER LLP** | **TROUTMAN PEPPER**<br>**HAMILTON SANDERS LLP** |
| By:  */s/ Roger Myers*<br>Roger Myers<br>Rachel Matteo-Boehm<br>3 Embarcadero Center, 7th Floor<br>San Francisco, California 94111<br>Tel: (415) 675-3400<br>rachel.matteo-boehm@bclplaw.com<br>roger.myers@bclplaw.com | By:  */s/ Dabney J. Carr IV*<br>Dabney J. Carr IV<br>P.O. Box 1122<br>Richmond, Virginia 23218<br>Tel: (804) 697-1238<br>dabney.carr@troutman.com |

By:  */s/ Jonathan E. Ginsberg*
Jonathan E. Ginsberg
1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 541-2000
jon.ginsberg@bclplaw.com

*Counsel for Appellant Courthouse News Service*

## CERTIFICATE OF COMPLIANCE

1. The foregoing request for judicial notice complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C). The request for judicial notice contains 1,199 words (according to the Microsoft Word 2016 count function), excluding those parts exempted by Rule 32(f) of the Federal Rules of Appellate Procedure.

2. The attached complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6). The attached has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type style.

*/s/ Dabney J. Carr, IV*
Dabney J. Carr, IV
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1238
Fax: (804) 697-1339
dabney.carr@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I caused the foregoing request for judicial notice to be filed electronically with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system, which will automatically send notification of such filing to counsel of record who are CM/ECF users.

                                        */s/ Dabney J. Carr, IV*
                                        Dabney J. Carr, IV
                                        **TROUTMAN PEPPER HAMILTON SANDERS LLP**
P.O. Box 1122
Richmond, Virginia 23218
Tel: (804) 697-1238
Fax: (804) 697-1339
dabney.carr@troutman.com

8