

# COMMONWEALTH of VIRGINIA
### Office of the Attorney General

**Jason S. Miyares**
Attorney General

January 3, 2024

202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071
Fax (804) 786-1991
Virginia Relay Services
800-828-1120
7-1-1

Honorable Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re: <u>Courthouse News Service v. Jacqueline Smith</u>, No. 22-2110.

Dear Ms. Anowi:

Pursuant to Rule 28(j), I write to address CNS's letter dated December 21, 2023.

Kansas's judicial system suffered a "sophisticated foreign cyberattack" in which criminals "stole data" from online court records. *Kansas Supreme Court Releases Statement on October 12 Security Incident*, Kansas Judicial Branch (Nov. 21, 2023), http://tinyurl.com/4tpz4nvf. The criminals "threatened to post [stolen data] to a dark web site." *Ibid*. This cyberattack further demonstrates that criminals targeting online court records systems and misusing sensitive personal information is a "real, not merely conjectural," threat. *Ross v. Early*, 746 F.3d 546, 556 (4th Cir. 2014); see Commonwealth Br. 9-14. CNS attempts to discount the cyberattack on the ground that some of the stolen records were not intended to be "publicly available," but that only shows cybercriminals can defeat the alternative measures CNS urges, such as redactions and bot management techniques.

CNS's remaining contentions are likewise faulty. The record shows that OCRA subscribers can download the entirety of a circuit court's online database with no additional fee. JA87. CNS argues that there is "no evidence" as to the exact number of buttons a user would have to push, but the point is immaterial. Data miners use "bots" to search "every single possible case number," submitting requests "far faster than ... a human." JA129; see JA539. While the same court records are publicly accessible at the courthouse, a person must request and print desired documents individually; it would be impracticable to obtain the entirety of a court's database from a courthouse terminal or to search it using "bots." See JA87.

Finally, CNS asserts that 24 other States provide "public remote access statewide." Like CNS's prior assertion that 38 States provide remote public access, this assertion is misleading. Commonwealth Br. 53-54 n.6. For example, at least three of the States CNS lists provide statewide remote public access to case dockets, not to the underlying filings.[1] Virginia likewise provides remote public access to case dockets, while making the underlying filings publicly available at the courthouse. JA128-29.

                    Sincerely,

                    /s/ Erika L. Maley

                    Erika L. Maley
                    Principal Deputy Solicitor General of Virginia

CC:        Counsel of record via CM/ECF

---

[1] See Colorado Judicial Branch, http://tinyurl.com/586xuzs5; Delaware Administrative Office of the Courts, http://tinyurl.com/4tj86rak, http://tinyurl.com/e8a53tjk; Iowa Courts Online, http://tinyurl.com/azmasc99.